NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> STEVEN FRANCIS REYCHLER, <br><br> Defendant - Appellant. | No. 24-3497 <br><br> D.C. No. <br> 2:18-cr-00004-DLC-3 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted November 20, 2024[**]

Before:    CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Steven Francis Reychler appeals from the district court's order denying his

second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  We

have jurisdiction under 28 U.S.C. § 1291.  Reviewing for abuse of discretion, *see*

*United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reychler contends that (1) the worsening of his medical conditions and his advancing age have impacted his ability to participate in programming and treatment, thereby "shifting" the balance of the 18 U.S.C. § 3553(a) factors since sentencing, and (2) the district court failed to address how his changed circumstances affect the § 3553(a) analysis. However, acknowledging Reychler's worsening health and limited chances of recovery, the district court agreed that he had extraordinary and compelling reasons for release. Contrary to Reychler's argument, the court did not abuse its discretion in concluding that the § 3553(a) analysis was nevertheless unchanged. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record). As the court explained, a reduction of Reychler's sentence—which already included a downward variance largely based on his age and physical condition—would "denigrate the seriousness of his crimes and undermine respect for the law." This explanation was sufficient. *See Wright*, 46 F.4th at 948-50.

**AFFIRMED.**